IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NATIONWIDE MUTUAL FIRE
INSURANCE CO.,

    Plaintiff/Consolidated
    Defendant,

vs.

LINDA J. ADAMS, *et al.*

    Defendant/Consolidated
    Plaintiff.

Civil Action No. ADC-18-3995

**<u>MEMORANDUM OPINION</u>**

Plaintiff/Consolidated Defendant, Nationwide Mutual Fire Insurance Co. ("Plaintiff"), moves this Court for summary judgment (the "Motion") (ECF No. 63).[1] Plaintiff seeks a declaratory judgment from the Court that it is not obligated to pay a default judgment from the Anne Arundel Circuit Court in favor of Linda J. Adams, the Defendant/Consolidated Plaintiff ("Defendant"), against the underlying defendants, Margaret Burgone and Welby Joe Croson.[2] Defendant filed an opposition to Plaintiff's Motion (ECF No. 66) and Plaintiff replied (ECF No. 67).

After considering the Motion and responses thereto, the Court finds that no hearing is necessary. *See* Loc.R. 105.6 (D.Md. 2018). In addition, having reviewed the pleadings of record and all competent and admissible evidence submitted by the parties, the Court finds that there are

---

[1] All CM/ECF citations are to the docket in the above-captioned case, unless otherwise specified.

[2] Margaret Burgone, Welby Joe Croson, and Evergreen Road, LLC were also Defendants in this case at its inception. *See* ECF No. 1. The Court has found these three Defendants in default, and they have been dismissed from the case. ECF Nos. 35, 52.

1

genuine issues of material fact as to the claim asserted. Accordingly, the Court will DENY Plaintiff's Motion (ECF No. 63).

## FACTUAL BACKGROUND

*Evergreen Road, LLC and the Nationwide Policy*

Evergreen Road, LLC ("Evergreen") was officially formed on December 1, 2006. ECF No. 66-4 at 8–9.[3] Evergreen was a property valuation and management company. *See* ECF No. 66-5 at 3 (a screenshot of Evergreen's Facebook page detailing the company's services); *see also* ECF No. 66-6 at 6 (deposition of Welby Joe Croson). On the day of its formation, Evergreen's operating agreement was amended to reflect that Margaret Burgone was assigned a one percent membership interest in Evergreen. *Id.* at 12–13. The following year, on December 20, 2007, the operating agreement was again amended to increase Ms. Burgone's membership interest to 2.98%. *Id.* at 14–15. Ms. Burgone and her then-husband Welby Joe Croson managed and maintained rental properties owned by Evergreen. ECF No. 66-6 at 13–15.

Plaintiff issued a Premier Businessowners Policy to Evergreen covering the period from April 24, 2014 through April 24, 2015. ECF No. 1 at 2, ¶ 8. The policy covered general liabilities as well as the properties at 1741 Underwood Road, Gambrills, Maryland 21054 ("the Premises") and 1745 Underwood Road, Gambrills, Maryland 21054. ECF No. 1-2 at 20, 22, 24, 26. Evergreen bought the Premises in March 2012. ECF No. 66-3 at 2–3. The policy provided coverage for "damages because of 'bodily injury' or 'property damage to which this insurance applies.'" ECF No. 1-2 at 70. Furthermore, the policy states, "[Plaintiff] will have the right and duty to defend the insured against any 'suit' seeking those damages for which there is coverage under this policy." *Id.* Covered "insureds" for limited liability companies included the company

---

[3] The Court cites to the page numbers as marked by the CM/ECF filing system.

itself; "members . . . but only with respect to the conduct of your business"; "managers . . . but only with respect to their duties as your managers"; and "employees . . . but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business." *Id.* at 82–83.

While Ms. Burgone and Mr. Croson lived at the Premises, they managed the rental units at 1741 and 1745 Underwood Road. ECF No. 66-6 at 6. Ms. Burgone handled leases, paperwork, and other administrative tasks, and received a paycheck from Evergreen in return. *Id.* at 7, 12. Mr. Croson performed various maintenance tasks on behalf of Evergreen, but it is unclear whether he received a formal paycheck. *See id.* at 6, 14. At the Premises, Ms. Burgone and Mr. Croson met with potential and current renters, collected rent, and stored other Evergreen property. *Id.* at 14. Additionally, there was a separate room in the Premises to which Ms. Burgone and Mr. Croson referred as "the office," in which they kept a computer and printer, desks, and filing cabinets for Evergreen business. *Id.* at 14–15.

*The Underlying Incident and Tort Action*

On June 3, 2014, Defendant was at the Premises in her professional capacity as a hospice nurse. ECF No. 66 at 1. While at the Premises, Defendant was attacked by Ms. Burgone and Mr. Croson's bulldog, causing severe bites on her legs and a torn meniscus and stress fractures on her left knee, among other injuries. *Id.* After multiple surgeries in 2014, Defendant was unable to perform her work duties, and she was fired from her job. ECF No. 1-4 at 3–4, ¶ 9 (the underlying tort complaint).

On January 26, 2017, Defendant filed a tort action against Ms. Burgone and Mr. Croson in the Circuit Court for Anne Arundel County. *C-02-cv-17-000258*, MD. JUDICIARY CASE SEARCH, http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?caseId=C02CV17000258&loc=

60&detailLoc=ODYCIVIL. On July 28, 2017, an attorney hired by Plaintiff entered her appearance in the underlying case, filed an answer on behalf of Welby Joe Croson (the only defendant who had been served), and filed a certificate for discovery. *Id.*; *see also* ECF No. 66-6 at 13 (during deposition, Mr. Croson stating, "[Nationwide] said they were going to handle it was my understanding. It was a liability policy covering that property. This incident happened on that property. So, that's how I understood it."). Neither Ms. Burgone nor Mr. Croson personally participated in the underlying suit, and Defendant was seemingly unaware during the pendency of that action that Ms. Burgone and Mr. Croson did not own the premises. ECF Nos. 66 at 3 & 1-4 at 8, ¶ 41 (Defendant alleging in her underlying complaint "[a]t all relevant times, [Ms. Burgone and Mr. Croson] were the owners of the premises").

On October 3, 2017, counsel Plaintiff hired for Mr. Croson in the underlying action filed a motion to strike and withdraw her appearance. *C-02-cv-17-000258*, *supra*. On November 6, 2017, the Anne Arundel County court granted the motion to withdraw, and instructed the clerk to notify Mr. Croson he needed to appoint new counsel. *Id.* No new attorney ever entered their appearance in the underlying case, *id.*, and it is not clear that Mr. Croson had actual knowledge prior to the judgment that his attorney had withdrawn. ECF No. 66-6 at 13 (responding to a question asking if he became aware Plaintiff did not "cover" the underlying litigation, Mr. Croson said, "At some point, yeah. I thought that the case would end. I didn't know about this judgment until I received this paper. So, I thought the case had been kind of just thrown out, gone away. . . . [I didn't know about the judgment] [u]ntil I was served with papers for today.").

Without the participation of Ms. Burgone and Mr. Croson in the underlying action, the Anne Arundel County court entered a default judgment in favor of Defendant on February 27, 2018. *C-02-cv-17-000258*, *supra*. The court awarded Defendant damages in the amount of

$218,005.00. *Id.* Plaintiff attempted to collect the judgment from Ms. Burgone and Mr. Croson for months, but she was unsuccessful. *See id.*

## PROCEDURAL BACKGROUND

On December 5, 2018, Defendant filed a declaratory judgment action in the Circuit Court of Anne Arundel County seeking a determination that Plaintiff had a duty to indemnify Ms. Burgone and Mr. Croson for the judgment in the underlying suit. ADC-19-53, ECF No. 1. Plaintiff removed the Circuit Court action to this Court on January 7, 2019. *Id.* On January 8, 2019, Plaintiff filed an answer in the removed case. ADC-19-53, ECF No. 6.

Before removing the Circuit Court case, on December 28, 2018, Plaintiff filed suit in this Court, seeking a declaratory judgment that it was not obligated to indemnify Ms. Burgone and Mr. Croson in the underlying suit. ECF No. 1. Defendant first filed an answer on January 14, 2019, ECF No. 5, followed by an amended answer and crossclaim on January 29. 2019, ECF No. 11. On March 5, 2019, the Court consolidated the removed case and the instant case. ECF No. 33; ADC-19-52, ECF No. 26.[4] On July 25, 2019, after corresponding with both parties, this Court entered an Order finding that discovery was unnecessary, as liability was established in the underlying suit and the policy in dispute is unambiguous. ECF No. 61.

On August 19, 2019, Plaintiff filed this Motion, seeking summary judgment against Defendant. ECF No. 63. On August 28, 2019, Defendant filed a response in opposition, ECF No. 66, to which Plaintiff filed a reply on September 5, 2019, ECF No. 67. Accordingly, this matter is now fully briefed, and the Court has reviewed Plaintiff's Motion as well as the responses thereto.

---

[4] On June 27, 2019, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302 of the United States District Court for the District of Maryland and upon consent of all parties, this case was transferred to United States Magistrate Judge A. David Copperthite for all proceedings. ECF No. 53.

For the following reasons and pursuant to Federal Rule of Civil Procedure 56(d), Plaintiff's Motion (ECF No. 63) is DENIED.

## DISCUSSION

### A. Standard of Review

Pursuant to Rule 56, a movant is entitled to summary judgment where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact. Fed.R.Civ.P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The Supreme Court has clarified that not every factual dispute will defeat a motion for summary judgment but rather, there must be a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) ("[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." (emphases in original)). An issue of fact is material if, under the substantive law of the case, resolution of the factual dispute could affect the outcome. *Id.* at 248. There is a genuine issue as to material fact "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; *see also Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th Cir. 2012). On the other hand, if after the court has drawn all reasonable inferences in favor of the nonmoving party, "the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249–50 (internal citations omitted).

The party seeking summary judgment bears the initial burden of either establishing that no genuine issue of material fact exists or that a material fact essential to the non-movant's claim is absent. *Celotex Corp.*, 477 U.S. at 322–24. Once the movant has met its burden, the onus is on the non-movant to establish that there is a genuine issue of material fact. *Matsushita Elec. Indus.*

*Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In order to meet this burden, the non-movant "may not rest upon the mere allegations or denials of [its] pleadings," but must instead "set forth specific facts showing that there is a genuine issue for trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (quoting Fed.R.Civ.P. 56(e)).

In determining whether a genuine issue of material fact exists, the court views the facts and draws all reasonable inferences in the light most favorable to the nonmoving party. *Glynn v. EDO Corp.*, 710 F.3d 209, 213 (4th Cir. 2013) (citing *Bonds v. Leavitt*, 629 F.3d 369, 380 (4th Cir. 2011)). A genuine issue of material fact exists if "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Res. Bankshares Corp. v. St. Paul Mercury Ins. Co.*, 407 F.3d 631, 635 (4th Cir. 2005) (quoting *Anderson*, 477 U.S. at 249). Thus, "to grant summary judgment the [c]ourt must determine that no reasonable jury could find for the nonmoving party on the evidence before it." *Moss v. Parks Corp.*, 985 F.2d 736, 738 (4th Cir. 1993) (quoting *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 124 (4th Cir. 1990)).

**B. Plaintiff's Motion for Summary Judgment**

In its memorandum in support of its Motion and subsequent reply to Defendant's response, Plaintiff contends that there is no genuine dispute of material fact and makes three arguments as to why it is entitled to summary judgment. ECF Nos. 63-1 & 67. First, the only argument Plaintiff asserts in its memorandum is that the underlying defendants, Ms. Burgone and Mr. Croson, are not insureds under the relevant policies. ECF No. 63-1 at 4–6. Next, in its reply, Plaintiff argues that there were no allegations in the underlying tort suit relating to the policy holder, Evergreen. ECF No. 67 at 1–3. Finally, also in its reply, Plaintiff argues that the question of policy coverage is not an independent and separable issue, and it therefore cannot be argued outside the underlying tort suit. *Id.* at 3–4. The Court will address each of these arguments in turn.

7

*1. Defendant has provided sufficient evidence to create a dispute of material fact regarding whether Ms. Burgone and Mr. Croson were insureds under the policy.*

Plaintiff first argues that it is entitled to summary judgment because Ms. Burgone and Mr. Croson are not insureds under the relevant policy. Insureds under the policy include the company itself as well as members, managers, and employees engaged in conduct related to the business. ECF No. 1-2 at 82–83. In its sparse pleadings, Plaintiff alleges "[t]he record is devoid of any allegation concerning employment or any relationship" between Evergreen and Ms. Burgone and Mr. Croson. ECF 63-1 at 5. Defendant, however, has provided significant evidence pointing to various relationships Ms. Burgone and Mr. Croson had with Evergreen.

First, Ms. Burgone was a member of Evergreen who held a 2.98% interest in the company since December 2007. ECF No. 66-4 at 14–15; *see also* 66-6 at 6. Ms. Burgone was also an employee of Evergreen, and she performed various property management and bookkeeping duties for the company while in return receiving a paycheck from Evergreen. *Id.* at 6, 11–14. Pursuant to her duties as property manager, Ms. Burgone was responsible for delivering rental properties in safe and habitable conditions and ensuring there were no dangerous conditions on the properties. *Id.* at 15. Mr. Croson also performed work for Evergreen as a maintenance worker, as a property manager who collected rent and handled tenants, and as an administrator who signed paychecks and bill payments for Evergreen, though he was never a member. *Id.* at 6–7, 12–14. Ms. Burgone and Mr. Croson both lived and worked at the Premises, which was owned by Evergreen and insured by premises and general liability policies. ECF Nos. 1-2 at 20, 70, and 66-3 at 3. They maintained a separate office, conducted meetings, and collected rent all on behalf of Evergreen at the Premises. ECF No. 66-6 at 13–15.

Defendant was physically present at the Premises when she sustained the injury leading to the underlying action. When asked about Plaintiff's involvement with the underlying action, Mr.

8

Croson stated, "They said they were going to handle it was my understanding. It was a liability policy covering that property. This incident happened on that property. So, that's how I understood it." *Id.* at 13. While Plaintiff's policy language makes clear it only covers members and employees "with respect to the conduct of [Evergreen's] business," ECF No. 1-2 at 82, based on the mixed use of the Premises as both a residence and an Evergreen business office, it is not clear that the incident occurred outside the scope of Evergreen's business. Defendant has provided enough evidence to call in to question Ms. Burgone and Mr. Croson's status as insureds under the policy as Evergreen employees, and, in Ms. Burgone's case, as an Evergreen member. Accordingly, there is a genuine dispute of material fact regarding whether Ms. Burgone and Mr. Croson are insureds, and summary judgment is, therefore, inappropriate on this ground.

   *2. Defendant's failure to identify Evergreen in the underlying complaint did not destroy the potentiality of coverage.*

Next, Plaintiff asserts in its reply that it is entitled to summary judgment because there were no findings of liability against Evergreen by name in the underlying suit. It is long-settled Maryland law that "[e]ven if a tort plaintiff does not allege facts which clearly bring the claim within or without the policy coverage, the insurer still must defend if there is a potentiality that the claim could be covered by the policy." *Brohawn v. Transamerica Ins. Co.*, 276 Md. 396, 408 (1975) (citing *U.S. Fid. & Guar. Co. v. Nat'l Paving & Contracting Co.*, 228 Md. 40, 54 (1962)). The plaintiff in the underlying tort claim does not have the burden of proving that her claim against the tort defendants falls within the insureds' (or potential insureds') liability policy. *See Aetna Cas. & Sur. Co. v. Cochran*, 337 Md. 98, 111 (1995). Maryland courts do not "allow[ ] an insurance company to refuse to defend an insured based solely on allegations in a complaint filed by an uninterested third-party" because doing so "leaves the insured with no choice but to rely on

9

a plaintiff to file a well-pleaded complaint in order to establish a potentiality of coverage under the insured's insurance policy." *Id.*

Plaintiff argues here that because Evergreen was not named explicitly in the underlying suit, the underlying suit could not have come within the Evergreen's insurance policy, regardless of Ms. Burgone and Mr. Croson's potential insured status. Not only does this argue run contrary to Maryland's jurisprudence that an insurance company has a duty to defend a suit if there is a *potentiality* of coverage, *see Brohawn*, 276 Md. at 408, it also places the burden of showing the insureds are covered by the policy solely on an uninterested party (here, Defendant) who does not have all the facts relevant to the policy at the time of filing a complaint, *see Cochran*, 337 Md. at 111. When filing her underlying tort complaint, Defendant was not aware that Evergreen owned the premises. *See* ECF No. 1-4 at 8, ¶ 41 (the underlying complaint alleging "[a]t all relevant times, [Ms. Burgone and Mr. Croson] were the owners of the premises"). But, when filing her underlying complaint, Defendant did not have the burden of establishing Ms. Burgone and Mr. Croson's potentiality of coverage.

The underlying suit resulted in a default judgment against Ms. Burgone and Mr. Croson (partially caused by Plaintiff withdrawing its counsel from representing Mr. Croson), and, accordingly, all allegations against them in the underlying complaint are deemed admitted. Notably, one of the causes of action in the underlying complaint was for premises liability, ECF No. 1-4 at 8–9, ¶¶ 39–45, and alleges that the incident occurred at the Premises—a property that was owned by Evergreen and insured by Plaintiff at the time. The fact that Evergreen was not named in the underlying suit did not destroy Plaintiff's duty to defend against a potentiality of coverage, as Ms. Burgone and Mr. Croson were potential insureds under the policy, and it was not Defendant's responsibility to allege coverage. Accordingly, the lack of allegations in the

10

underlying complaint naming Evergreen explicitly is not a basis for summary judgment in favor of Plaintiff.

   3. *Whether Ms. Burgone and Mr. Croson are covered under the relevant policy is a separate and independent issue from those in the underlying tort suit.*

Finally, Plaintiff asserts in its reply that it is entitled to summary judgment because the issue of whether Ms. Burgone and Mr. Croson are insureds under the Evergreen policy is not a separate and independent issue from those issues in the underlying suit. An issue is separate and independent when it is not the issue being decided in the underlying tort litigation. *Brohawn*, 276 Md. at 406. In *Benning v. Allstate Insurance Co.*, 90 Md.App. 592 (1992), Allstate attempted to deny coverage for a car accident injury because it asserted that the injured party lived in the insured party's home at the time of the accident, and the injured party was therefore subject to a coverage exception within the policy. *Id.* at 594. The injured party brought a declaratory judgment action prior to filing suit against the insured seeking a declaration that the policy exception did not apply to her, and the insured party sought to intervene in the suit. *Id.* at 594–95. The court found that whether the policy exception applied was a separable and independent issue that could properly be decided prior to a tort suit by the injured against the insured, because it did not pertain to "any fact or circumstance" regarding "the accident or the injuries suffered" by the injured party. *Id.* at 600. Furthermore, while Maryland law does impose a restriction upon declaratory judgment actions that do not involve a separate and independent issue *prior to* a judgment in an underlying tort case, *see id.*, this restriction only applies "'until there has been a determination of the insured's liability in the tort action.'" *Hartford Mut. Ins. Co. v. Woodfin Equities Corp.*, 344 Md. 399, 413 (1997) (quoting *Washington Metro. Area Transit Auth. v. Queen*, 324 Md. 326, 332 (1991)).

Here, the allegations regarding Defendant's injuries on the Premises are resolved via the underlying default judgment. The current issues do not pertain to the facts or circumstances

surrounding Defendant's accident or injuries suffered. *See Benning*, 90 Md.App. at 600. Furthermore, the underlying tort litigation has concluded, and Ms. Burgone and Mr. Croson's liability has been established. Even if the remaining issues were not separate and independent from the underlying litigation, Plaintiff's argument would still be misplaced, as there is no restriction on declaratory judgments regarding non-separate and independent issues after an underlying tort verdict has been entered. *See Woodfin*, 344 Md. at 413. Accordingly, Plaintiff is not entitled to summary judgment on this ground.

## CONCLUSION

For the reasons set forth in this Memorandum Opinion, the Court finds that there are genuine issues of material fact as to whether Ms. Burgone and Mr. Croson are insureds under Evergreen's insurance policy. Therefore, Plaintiff's Motion (ECF No. 63) is DENIED. A separate order will follow.

Date: 1 October 2019

A. David Copperthite
United States Magistrate Judge